IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH R. ABRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 08-311-SLR |
| | ) | |
| COMMISSIONER CARL DANBERG, | ) | |
| WARDEN PHELPS, DELAWARE | ) | |
| DEPARTMENT OF CORRECTION, | ) | |
| MICHAEL BRYAN, and PATRICK | ) | |
| SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this $3^{1^{st}}$ day of July, 2008, having screened the case pursuant to 28

U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's request for appointment of counsel is denied

without prejudice; the claims against the Delaware Department of Correction ("DOC")

are dismissed for failure to state a claim upon which relief may be granted pursuant to

28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1); the claim brought pursuant to 11 Del. C. §

1304(1) is dismissed as frivolous; and plaintiff will be allowed to proceed with the

remaining claims against the remaining defendants, for the reasons that follow:

1. **Background**. Plaintiff Kenneth R. Abraham ("plaintiff"), an inmate at the

James T. Vaughn Correctional Center ("JVCC"), formerly the Delaware Correctional

Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2, 3, 6) He

appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. §

1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing its screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

2

do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

　　　5. **Discussion.** Plaintiff alleges that defendants Michael Bryan ("Bryan") and Patrick Smith ("Smith") retaliated against him as a result of a separate lawsuit plaintiff filed in this court. He alleges that the DOC administration allows numerous unconstitutional activities to take place and that the unconstitutional activities are "widespread" and a result of defendants Commissioner Carl Danberg's ("Danberg") and warden Phelps' ("Phelps") failure to train and supervise their employees. Plaintiff raises

3

numerous supplemental tort state claims.  He also includes a criminal hate crime claim

pursuant to 11 Del. C. § 1304(1).

      6.  **Eleventh Amendment Immunity**.  Plaintiff's claims against the DOC are

dismissed.  The doctrine of sovereign immunity bars suits for monetary damages against

the state, absent waiver or Congressional override.  Kentucky v. Graham, 473 U.S. 159,

169 (1985).  Neither a State nor its officials acting in their official capacities are

"persons" within the meaning of Section 1983.  Will v. Michigan Dep't of State Police,

491 U.S. 58, 71 (1989).  Additionally, a state agency or other entity may be considered

an "alter ego" or "arm of the state" such that it is entitled to immunity under the Eleventh

Amendment.  Christy v. Pennsylvania Turnpike Comm'n, 54 F.3d 1140, 1144 (3d Cir.

1995).  The DOC is an arm of the State of Delaware and not a "person" subject to

liability under § 1983.  See Arnold v. Minner, No. 04-1346, 2005 WL 1501514, at *4 (D.

Del. June 24, 2005) (citations omitted).  The DOC is entitled to immunity pursuant to the

Eleventh Amendment and, therefore, the court will dismiss it as a defendant pursuant to

28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  The court will also dismiss the  § 1983

claims against all state defendants their official capacities as claims made against state

officials in their official capacities are treated as claims made against the state itself.

Will v. Michigan Dep't of State Police, 491 U.S. at 71.

      7.  **Criminal Statute**.  Plaintiff alleges defendants violated 11 Del. C. § 1304(1).

This statute is Delaware's hate crime statute.  The decision of whether to prosecute, and

what criminal charges to bring, generally rests with the prosecutor.  See United States v.

Batchelder, 442 U.S. 114, 124 (1979).  The claim lacks an arguable basis in law or in

4

fact and is dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

8. **Appointment of Counsel**. Plaintiff's motion for appointment of counsel is **denied** without prejudice. The complaint contains a request for appointment of counsel. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

9. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;(2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

5

10.  Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time.  At one time plaintiff was a licensed attorney.  He has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel.  Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claims survive summary judgment.

11.  **Conclusion**.  For the foregoing reasons, the court denies without prejudice plaintiff's motion for appointment of counsel.  The court dismisses the claims against the DOC and all claims against defendants in their official capacities, to the extent plaintiff seeks monetary damages, pursuant to  28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Finally, the court dismisses the claim brought pursuant to 11 Del. C. § 1304(1).  Plaintiff may proceed with the remaining claims against the remaining defendants..

IT IS FURTHER ORDERED that:

1.  The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2.  Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide to the clerk of the court an **original** "U.S. Marshal-285" form for **the remaining defendants, Commissioner Carl Danberg, Warden Phelps, Michael Bryan, and Patrick Smith,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c).  **Plaintiff shall provide the court with copies of the complaint, supporting memorandum, and amended complaint (D.I. 2, 3, 6) for service upon remaining defendants and the attorney general.  Plaintiff is notified that the United States Marshal will not serve**

**the complaint until all "U.S. Marshal 285" forms and required copies of the complaint, memorandum and amended complaint have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms and required copies for the remaining defendants and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Fed. R. Civ. P. 4(m).**

3.   Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4.   Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.   Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). \*\*\*

8. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
UNITED STATES DISTRICT JUDGE