IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH ABRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 08-311-SLR |
| ) | |
| COMMISSIONER CARL DANBERG, ) | |
| WARDEN PHELPS, MICHAEL BRYAN ) | |
| and PATRICK SMITH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 8th day of July, 2009, having considered plaintiff's motions for an injunction and for appointment of counsel as well as the papers submitted in connection therewith;

IT IS ORDERED that plaintiff's motion for injunction (D.I. 91) is denied and plaintiff's motions for appointment of counsel (D.I. 90, 85) are denied without prejudice to renew for the reasons that follow:

1. **Background.** Plaintiff Kenneth R. Abraham ("plaintiff"), an inmate at the James T. Vaughan Correctional Center ("JVCC"), formerly the Delaware Correctional Center, filed this civil rights action pursuant 42 U.S.C. § 1983 alleging violations of his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. (D.I. 2, 3, 6) Prior to his incarceration, plaintiff was a licensed attorney with over ten years of experience. (D.I.

9, 90 at 2) Although plaintiff instituted this action in May 2008, the case has progressed only to the discovery stage, due largely to plaintiff's filing of a preliminary injunction and subsequent appeal to the Third Circuit.[1] (D.I. 17, 39, 40, 42, 43, 45, 48, 51, 54, 56, 57, 58, 63, 64, 65, 66, 75, 76, 78, 83, 84, 86)

2. On June 3, 2009, the Third Circuit summarily affirmed this court's denial of plaintiff's motion for a temporary restraining order and assorted relief. (D.I. 88) The Court concluded that plaintiff had failed to demonstrate that he sustained an actual injury and, therefore, was not "hindered in his efforts to pursue his legal claims." (D.I. 88-2, at 4-5)

3. Approximately one week following the Third Circuit's affirmance, plaintiff returned to this court, moving again for injunctive relief and appointment of counsel. (D.I. 90, 91, 92) Specifically, he avers:

> The U.S. Court of Appeals having denied both appeals (sic) with specious reasoning, ignoring the facts and the law, anxious to clear its calendar and dismissive of rights of inmates, with substantial problems with law library continuing - and systemic - (because they keep getting away with it!!), I

---

[1] On September 23, 2008, plaintiff moved for a preliminary injunction. (D.I. 17) Plaintiff sought injunctive relief requiring the prison law library to provide him with certain state case law to support a post-conviction brief due on November 19, 2008 in the Delaware Supreme Court. Defendants were ordered to file a response and plaintiff was ordered to advise the court of his briefing schedule deadlines before the Delaware Supreme Court. (D.I. 18) After considering the fully briefed papers, the court found, significantly, that plaintiff: (1) received ample assistance in the law library; (2) had received over 4,000 photocopies, sixty-nine statutes, sixty five cases and numerous court rules and forms; (3) had been provided with the Delaware Supreme Court case he requested, as well as many other cases he requested; (4) had not demonstrated that the out-of-state cases contained in a footnote in a Delaware Supreme Court case were essential to his post-conviction brief; and (5) had access to the prison law library. (D.I. 40) In light of these findings, plaintiff's motion for a preliminary injunction was denied. His appeal to the Third Circuit was filed on October 27, 2008, approximately one week later. (D.I. 42)

return to Your Honor to try to get an injunction to force the SHU law library to abide by well-established federal law.

(D.I. 91) As part of his moving papers, plaintiff attaches the pleadings and exhibits previously filed in the Third Circuit in support of his appeal.

4. Plaintiff further states that he is unable to take discovery while in prison and requests a copy of the Federal Rules of Civil Procedure in order to comply with the court's scheduling order.[2] (*Id.* at 3) He states that he "is still attempting to litigate" several civil cases, still trying to prepare a petition for habeas corpus and attempting to file a "petition for injunction in a Delaware Court of Chancery to obtain needed medical care, and in this regard has an urgent need for legal materials from SHU law library." (*Id.* at 1-2) He does not reference any deadlines associated with these efforts.

5. **Standard of Review.** When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is

---

[2] This order sets discovery and dispositive motion deadlines, e.g., discovery is to be completed by September 8, 2009 and summary judgment motions filed by October 8, 2009. (D.I. 87)

3

in danger of suffering irreparable harm at the time the preliminary injunction is to issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

6. Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher*, 536 U.S. at 415.

7. Considering plaintiff's claims against this authority, the court finds that he has failed to demonstrate that he is in danger of suffering irreparable harm. Instead, he is, essentially, rearguing the same issues argued before and decided by the Third Circuit. A district court, however, lacks the authority and jurisdiction to overrule the decisions of the appellate court, the Third Circuit; instead, a district court is bound by the decisions of an appellate court. *A.A. ex rel. E.A. v. Exeter To. School Dist.*, 485 F. Supp. 2d 587, 591 (E.D. Pa. 2007).

8. **Appointment of counsel.** A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir.

4

1997). It is within in the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

9. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

10. As noted, plaintiff was at one time a practicing attorney with, by his own admission, "considerable trial experience." (D.I. 90 at 2) His voluminous filings include copious factual accounts and legal arguments to support his claims. His filings in this court, as well as his appeal to the Third Circuit, reflect an ability to sufficiently prosecute all aspects of this litigation. The record is devoid of any evidence even suggesting that plaintiff will be prejudiced by the denial of appointment of counsel. To that end, the court will no longer consider plaintiff's motions for appointment of counsel

until after summary judgment motions are decided. Instead, such filings will be docketed but not acted upon by the court.

                                                            _____
                                                            United States District Judge