IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH ABRAHAM,  )<br>  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>COMMISSIONER CARL DANBERG,  )<br>WARDEN PHELPS, MICHAEL BRYAN  )<br>and PATRICK SMITH,  )<br>  )<br>      Defendants.  ) | Civ. No. 08-311-SLR |

**MEMORANDUM ORDER**

At Wilmington this ___ day of October, 2009, having considered plaintiff's motions for reconsideration and motion to amend the complaint as well as the papers submitted in connection therewith;

IT IS ORDERED that plaintiff's motion for reconsideration (D.I. 95) is denied and plaintiff's motion to amend the complaint (D.I. 97) is granted.

1. **Background.** Plaintiff Kenneth R. Abraham ("plaintiff"), an inmate at the James T. Vaughan Correctional Center ("JVCC"), formerly the Delaware Correctional Center, filed this civil rights action pursuant 42 U.S.C. § 1983 alleging violations of his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. (D.I. 2, 3, 6, 11) Prior to his incarceration, plaintiff was a licensed attorney with over ten years of experience. (D.I. 9, 90 at 2)

2. **Reconsideration.** The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood*

*Café ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when the judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *Id.*

3. Plaintiff moves for reconsideration of the court's July 8, 2009 denying his motion for injunctive relief. (D.I. 94) Although plaintiff contends that neither the Third Circuit nor this court ruled on the merits of his motion, the record reflects otherwise. Specifically, on June 3, 2009, the Third Circuit summarily affirmed this court's denial of plaintiff's motion for a temporary restraining order and assorted relief. (D.I. 88) The Court concluded that plaintiff had failed to demonstrate that he sustained an actual injury and, therefore, was not "hindered in his efforts to pursue his legal claims." (D.I. 88-2, at 4-5) Approximately one week following the Third Circuit's affirmance, plaintiff returned to this court, moving again for injunctive relief. (D.I. 91) As part of his moving papers, plaintiff attached the pleadings and exhibits previously filed in the Third Circuit in support of his appeal. The court concluded that plaintiff had failed to demonstrate that he was in danger of suffering irreparable harm and that he was essentially rearguing the same issues argued before and decided by the United States Court of Appeals for the Third Circuit. Because the court finds that plaintiff's motion for reconsideration does not implicate any grounds for a change of the July 8, 2009 order and, instead, is another attempt to reargue the same issues, relief is unwarranted.

4. **Amendment.** The record reflects plaintiff has filed two amendments to his complaint. (DI. 6, 11) With this third motion to amend, he seeks to add a new defendant, Lt. Savage, to the allegations described in his original complaint, paragraphs 55, 75, and 85. A party may amend the party's pleading once as a matter of course at anytime before a responsive pleading is served. . . ." Fed. R. Civ. P. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party. . . ." *Id.* Courts may deny leave to amend where they find "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

5. Considering plaintiff's unopposed motion to amend in light of this authority, the court finds amendment is appropriate. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall complete and return to the Clerk of Court an **original** "U.S. Marshal-285" form for **defendant Lt. Savage**. Plaintiff shall also provide the court with copies of the complaint (D.I. 2) and amendments (D.I. 6, 11, 97) for service upon defendant Lt. Savage. Plaintiff is notified that the United States Marshals Service will not serve the complaint until the "U.S. Marshal 285" form has been received by the Clerk of Court. **Failure to provide the "U.S. Marshal 285" form for defendant Lt. Savage within 120 days of this order may result in the complaint being dismissed or defendant Lt. Savage being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

6. Upon receipt of the form(s) required by paragraph 3 above, the United States Marshals Service shall forthwith serve a copy of the complaint (D.I. 2), amendments to complaint (D.I. 6, 11, 97), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant so identified in the 285 form.

7. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from defendant Lt. Savage, the United States Marshals Service shall personally serve said defendant and said defendant shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

8. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

9. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

_____<br>
United States District Judge