IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH R. ABRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-311-SLR |
| | ) |
| COMMISSIONER CARL DANBERG, | ) |
| WARDEN PHELPS, MICHAEL BRYAN, | ) |
| and PATRICK SMITH, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 3rd day of November, 2009, having considered plaintiff's petition for restraining order construed as a motion for a temporary restraining order (D.I. 103);

IT IS ORDERED that the motion is **denied**, for the reasons that follow:

1. **Background.** Plaintiff Kenneth R. Abraham, a prisoner housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. On September 28, 2009 plaintiff filed a petition for a restraining order directed to the Delaware Department of Correction ("DOC"), defendants DOC Commissioner Carl Danberg ("Danberg") or VCC Warden Phelps ("Phelps"), Michael Bryan ("Bryan"), and Patrick Smith ("Smith"), and non-defendant C/O Mohr ("Mohr") to keep Bryan, Smith, and Mohr at least two hundred feet away from plaintiff at all times. (D.I. 103)

2. On October 6, 2009, the court entered a briefing schedule for defendants to file an answering brief by October 9, 2009, and for plaintiff to file a reply brief by

October 19, 2009. (D.I. 104) Defendants filed their opposition several days late and without asking the court for additional time. (D.I. 105) Defendants oppose the motion on the grounds that plaintiff cannot demonstrate the elements necessary to obtain injunctive relief. Plaintiff timely filed a response despite his placement in "the hole." (D.I. 107)

       3. **Standard**. A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." NutraSweet Co. v. Vit-Mar Enterprises, Inc., 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. See NutriSweet Co. v. Vit-Mar Enterprises., Inc., 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." NutraSweet II, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. Rush v. Correctional Med. Services, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995)).

4. **Discussion**. Plaintiff complains of the "outrageous conduct" of Smith and Bryan "as described in prior pleadings." Other allegations include: (1) on January 10, 2009, Bryan and Mohr entered plaintiff's cell and took his legal materials; (2) subsequent to January 10, 2009, Mohr threatened plaintiff, repeatedly struck him with a metal gate while he was handcuffed, and harassed him;[1] (3) every time Mohr is on the tier he bangs and pounds on plaintiff's cell and shouts threats and insults at him (plaintiff likens the sound waves from the pounding to a physical assault); (4) Mohr has filed false disciplinary reports against plaintiff; (5) on May 29, 2009, Mohr took plaintiff's television "for no reason"; and (6) in 2007, plaintiff was found guilty by Smith of a false charge of assault on staff to "shut him up, punish him, and trigger a five-year sentence." Plaintiff has filed numerous grievances and written letters complaining of the foregoing. According to plaintiff he is being harassed, threatened, punished, and is in serious danger for exercising his right to file grievances and lawsuits. In essence, he claims that he is entitled to injunctive relief to prevent retaliation, use of force, and harassment.

5. **Retaliation**. It is well established that "[retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon,* 897 F.2d 103, 111-12 (3d Cir. 1990). The First Amendment bars retaliation for protected speech. *See Crawford-El v. Britton,* 523 U.S. 574, 592 (1998); *Milhouse v. Carlson,* 652 F.2d 371, 373-74 (3d Cir. 1981).

---

[1]Plaintiff alleges that Mohr has repeatedly struck him with a metal gate, but his motion and exhibits refers to only one incident that occurred on or around August 14, 2009 when Mohr slammed the yard's metal gate into plaintiff. Because plaintiff could tell what Mohr was doing, plaintiff blocked the gate with his foot and this prevented him from being hit in the back and/or knocked down. (D.I. 103, ex. E) As a result of the incident plaintiff received an ankle abrasion and had some pain. (D.I. 107)

Proof of a retaliation claim requires that plaintiff demonstrate (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334.

6. **Use of Force**. When analyzing an excessive force claim under the Eighth Amendment, the court must determine "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (citations omitted). Use of force is actionable under § 1983 when it exceeds "that which is reasonable and necessary under the circumstances." *Davidson v. O'Lone*, 752 F.2d 817, 827 (3d Cir. 1984). The court must determine whether the force was applied in good faith by weighing the following factors: (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, (4) the threat reasonably perceived by the responsible officials,

and (5) the efforts made to temper the severity of a forceful response. *Davis v. Carroll*, 390 F. Supp. 2d 415, 419 (D. Del. 2005) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

    7. **Harassment**. Verbal abuse and harassment does not rise to the level of a constitutional violation. *See Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993); *see also McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); *Prisoners' Legal Assen v. Robertson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him).

    8. Upon review of plaintiff's allegations, the court concludes that he has not demonstrated the elements necessary for injunctive relief. Plaintiff's filings do not establish the likelihood of success on the merits. Indeed, to the extent that plaintiff claims retaliation, the record does not support a finding that his protected activity in submitting grievances and filing lawsuits was a substantial or motivating factor in any alleged adverse action. Notably, most of plaintiff's complaints are directed against Mohr, a non-party to this action. To the extent plaintiff claims he is a victim of verbal harassment and threats, said claims are not of constitutional dimensions. To the extent plaintiff claims he was repeatedly hit with a metal gate, the record reflects that he was hit once on the ankle and suffered an abrasion. Again, this incident does not rise to the level of a constitutional violation. Additionally, plaintiff has not produced evidence of

irreparable harm, and his claims of future harm are based upon conjecture. Moreover, plaintiff's request, to keep certain correction officers away from him, goes directly to the manner in which the DOC operates its prisons, and issuance of an injunction would substantially harm the administration of said prisons. See *Carrigan v. State of Delaware,* 957 F. Supp. 1376, 1385 (D. Del. 1997). The federal courts are not overseers of the day-to-day management of prisons, and the court will not interfere in the DOC's determination where to place its correction officers within each institution. Finally, the court finds that granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Id.*

9. **Conclusion**. For the above reasons, the court will deny plaintiff's motion for injunctive relief. (D.I. 103)

UNITED STATES DISTRICT JUDGE