IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH R. ABRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. No. 08-311-SLR | |
| | ) | |
| COMMISSIONER CARL DANBERG, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

Kenneth R. Abraham, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se Plaintiff.

Catherine C. Damavandi, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendant.

---

**MEMORANDUM OPINION**

Dated: March 2⁶, 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Kenneth R. Abraham ("plaintiff") is an inmate incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, who proceeds pro se and has been granted leave to proceed in forma pauperis. On May 23, 2008, he filed this lawsuit pursuant to 42 U.S.C. § 1983. He has since amended the complaint. (D.I. 2, 6, 97, 117) Presently before the court are motions to dismiss filed by defendants ("defendants"). (D.I. 118, 147) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the court will deny defendants' motions to dismiss

## II. BACKGROUND

On August 1, 2008, the court screened this case pursuant to 28 U.S.C. §§ 1915 and 1915A, and dismissed claims against the Delaware Department of Correction ("DOC") and a state criminal hate crime claim. The complaint alleges that defendants Michael Bryan ("Bryan") and Patrick Smith ("Smith") retaliated against plaintiff as a result of a different lawsuit plaintiff filed in this court; that the DOC administration allows numerous unconstitutional activities to take place; and that the unconstitutional activities are "widespread" and a result of defendants Commissioner Carl Danberg's ("Danberg") and Warden Phelps' ("Phelps") failure to train and supervise their employees. On October 27, 2009, the court allowed plaintiff leave to amend his complaint to add as a defendant Lt. Savage ("Savage"). Plaintiff alleges that Savage violated his right to due process during a disciplinary hearing. He also raises numerous supplemental tort state claims.

Defendants move for dismissal pursuant to 28 U.S.C. § 1915(e)(2) on the grounds that the complaint is frivolous or malicious.  (D.I. 118, 147)  They also ask the court to enter a strike against plaintiff pursuant to 28 U.S.C. § 1915(g).

## III. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 94 (2007) (citations omitted).

The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).  Section 1915(e)(2)(B)(i) requires a district court to dismiss a claim if it is plain on the face of the complaint that the claim is frivolous.  *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002); *Lau v. Meddaugh*, 229 F.3d 1135 (2d Cir. 2000) (table); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). *See also Bradley v. Gray*, 78 F. App'x 84 (10th Cir. 2003) (not published).  A complaint is frivolous if it "lacks any arguable basis either in fact or law." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory"

-2-

or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g.*, *Deutsch*, 67 F.3d at 1091-92 (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

"A separate standard for maliciousness is not as well established." *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986 (D. Del.,1995), *aff'd*, 111 F.3d 125 (3d Cir. (table decision), *cert. denied*, 522 U.S. 852 (1997). A court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *Deutsch*, 67 F.3d at 1086. Other circuits have offered more objective instances of malicious claims. For example, *a* complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993). A district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir. 1981). Additionally, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *Crusafi*, 655 F.2d at 1309*; Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972); *see also Banks v. Gillie,* Civ. Act. No. 03-3098, 2004 WL 5807334 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Serv.,* No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending

-3-

federal lawsuit by the same plaintiff' or when it raises claims arising out of a common

nucleus of operative facts that could have been brought in the prior litigation")

(quotations omitted).

## III. DISCUSSION

At the outset the court notes that it has already screened the case and allowed

plaintiff to proceed with certain claims and granted him leave to amend the complaint to

add a defendant. (D.I. 9, 108)  In screening the case, the court determined whether the

complaint was frivolous, malicious, failed to state a claim, or sought monetary relief from

a defendant who was immune from such relief.  Had the court determined that the

claims against defendants were frivolous or malicious, the claims would have been

dismissed at that time.

Nevertheless, defendants contend that this complaint should be dismissed

because it contains the same allegations as in plaintiff's petition for post-conviction relief

filed in the Delaware state courts and in his petition for a writ of certiorari filed in the

U.S. Supreme Court on May 13, 2009.  Plaintiff's post-conviction petition pursuant to

Delaware Superior Court Criminal Rule 61 ("Rule 61") was filed sometime in 2007 and

denied on the grounds that plaintiff failed to raise a claim for which relief could be

granted and for failure to meet the procedural requirements of Rule 61.  (D.I. 118, A54-

55).  On appeal, the Delaware Supreme Court determined the appeal was without merit

and affirmed the decision of the trial court.  (*Id.* at A47-50); *Abraham v. State*, 968 A.2d

491 (Del.) (table decision), *cert. denied*, *Abraham v. Delaware*, –U.S.–, 130 S.Ct. 101

(2009).

-4-

In reviewing the filings in the Delaware state case to the complaint and amendments in the present case, it is evident that many of the allegations are the same or similar. However, the claims are not. Plaintiff's post-conviction proceeding seeks relief pursuant to Rule 61 and, before the U.S. Supreme Court, plaintiff sought to reverse his conviction, dismiss the indictment, vacate the plea, or to remand the matter for an evidentiary hearing and further proceedings. The case filed in this court, pursuant to 42 U.S.C. § 1983, alleges violations of plaintiff's constitutional rights and seeks compensatory and punitive damages.

While the Third Circuit has not addressed the issue, some circuits have held that, in order for a complaint to be determined malicious, there must have been duplicate filings in **federal** court. At the time plaintiff filed his complaint, there were no other duplicate filings in this court. Indeed, his petition for a writ of certiorari to the U.S. Supreme Court was not filed until approximately one year after his complaint was filed here. Moreover, plaintiff acknowledges that he does not allege in the litigation at bar that his conviction and/or sentence are invalid. To the extent that plaintiff does attempt to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). He cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

-5-

For the above reasons, although plaintiff's claims may ultimately not succeed on the merits, the court cannot say that they are malicious.

## IV. CONCLUSION

For the reasons discussed above, the court will deny the motions to dismiss.

(D.I. 118, 147)

An appropriate order will be entered.